## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| AUTO NOW, LLC, ) | |
| ) | |
|     Movant, ) | CHAPTER 13 |
| v. ) | |
| ) | CASE NO. 17-42473-PWB |
| BONNIE J. VERHINE, ) | |
| ) | |
|     Debtor, and ) | |
| ) | CONTESTED MATTER |
| MARY IDA TOWNSON, Trustee, ) | |
| ) | |
|     Respondents. ) | |

### OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

NOW COMES Auto Now, LLC ("Movant"), and pursuant to 11 U.S.C. § 1324(a), files this Objection to Confirmation of Debtor's Chapter 13 Plan, and shows the Court as follows:

1.

On October 17, 2017, Bonnie J. Verhine ("Debtor") filed a Voluntary Petition pursuant to 11 U.S.C. Chapter 13, and said case is pending before this Court.

2.

Movant is a creditor in Debtor's bankruptcy, and has filed a secured claim in the amount of $10,917.74. See Claim No. 12-1.

3.

Movant is providing the financing for Debtor's '08 Nissan Xterra.

4.

Debtor's proposed Chapter 13 Plan proposes to pay Movant's secured claim at $100.00 per month with a step to $367.00 beginning September 2018. The Plan further

provides for **no** adequate protection payments and interest to be paid towards the claim at 5.25%.

5.

This payment distribution to a secured creditor does not comply with the statutory requirements in order for a plan to be confirmed.

6.

"[T]he court shall confirm a plan if … with respect to each allowed secured claim provided for by the plan … the plan provides that … if property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly payments." 11 U.S.C. § 1325(a)(5)(B)(iii)(I). Because Movant has an allowed secured claim that has been provided for in the plan, and the proposed plan provides that periodic payments will be paid to Movant, the Debtor is required to propose a plan in which Movant's claim will receive equal monthly payments beginning at confirmation.

"The equal payment provision prevents debtors from backloading payments to secured creditors or paying them other than on a monthly basis." *In re Rivera*, 2008 WL 1957896 (N.D.Ind.). Further, the plain language of 11 U.S.C. § 1325(a)(5) makes clear that the payments should begin at confirmation. See *In re Sanchez*, 384 B.R. 574 (Bkrtcy.D.Or.,2008) ("This court construes 'during the period of the plan' to mean equal monthly payments must commence with confirmation and last until the secured claim is paid."); *In re Williams*, 385 B.R. 468 (Bkrtcy.S.D.Ga.,2008) ("Unless the creditor agrees otherwise, the plan must provide for such creditors to receive equal monthly payments beginning with the first distribution post-confirmation *and* the payment amount must be sufficient to provide adequate protection during the period of the plan.11 U.S.C. §§ 1325(a)(5)(B)(iii)(I) and (II). The use of 'and' as a conjunctive requires the two phrases be applied together.")

7.

In order to comply with the requirements of 11 U.S.C. § 1325, Debtor's plan should be amended to provide for equal monthly payments to be paid towards Movant's claim, with these payments to commence at confirmation.

8.

Further, Debtor's proposed plan fails to adequately protect Movant's interest in the Collateral. In order to have a plan confirmed, the proposed payments a secured creditor receives "shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan." 11 U.S.C. § 1325(a)(5)(B)(iii)(II).

Movant is entitled to have both pre-petition adequate protection payments and payments sufficient to adequately protect its security interest post-confirmation, as required by 11 U.S.C. § 1325(a). Movant is entitled to adequate protection payments of at least 1 1/2% of its claim amount, or $163.77 per month.

9.

Movant further objects to confirmation on the grounds that the proposed interest rate (5.25%) is insufficient to pay Movant the present value of its Claim.

WHEREFORE, Movant prays that this Court:
  a. Sustain Movant's Objection to Confirmation;
  b. Deny confirmation of Debtor's Plan;
  c. Award Movant attorney fees for the cost associated with the filing of this Motion;
  d. Grant such other and further relief as the Court deems to be just and proper.

This 9th day of January, 2018.

By:   ___/s/ Wes Dunlap_____

5604 Wendy Bagwell Pkwy Ste 923     Wes Dunlap
Hiram, GA 30141                     Attorney for Movant
770-489-5122                        GA Bar No. 456237
wes@dunlapgardiner.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| AUTO NOW, LLC, ) | |
| ) | |
|     Movant, ) | CHAPTER 13 |
| v. ) | |
| ) | CASE NO. 17-42473-PWB |
| BONNIE J. VERHINE, ) | |
| ) | |
|     Debtor, and ) | |
| ) | CONTESTED MATTER |
| MARY IDA TOWNSON, Trustee, ) | |
| ) | |
|     Respondents. ) | |

## Certificate of Service

I**, Wes Dunlap**, certify that I am over the age of 18 and that on January 9, 2018, I served a copy of the foregoing OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN and Notice of Hearing by first class U.S. Mail, with adequate postage prepaid on the following persons or entities at the addresses stated:

Jason Paul Verhine
14 Euharlee Street
Taylorsville, GA 30178

Mary Ida Townson, 13 Trustee
191 Peachtree Street, NE Ste 2200
Atlanta, GA 30303-1740

Bonnie Jean Verhine
14 Euharlee Street
Taylorsville, GA 30178

Howard P. Slomka
Slipakoff & Slomka, PC
Overlook III - Suite 1700
2859 Paces Ferry Rd, SE
Atlanta, GA 30339

/s/ _____
Wes Dunlap
Attorney for Movant
GA Bar No. 456237
5604 Wendy Bagwell Pkwy Ste 923
Hiram, GA 30141
770-489-5122